UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 20-063-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DOUGLAS WILLIAM VANCE and | ) | **MEMORANDUM OPINION** |
| MOLLY IRENE MCKINNON, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

A jury convicted Defendants Douglas Vance and Molly McKinnon on October 13, 2022, of one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, five counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). [Record Nos. 1, 133] The defendants were remanded to the custody of the U.S. Marshals at the conclusion of trial pending their sentencing hearings, which are scheduled for February 3, 2023. [Record No. 130]

The defendants have now filed separate motions seeking to be released from custody pending their sentencing hearings, citing 18 U.S.C. § 3143 and Rule 46(c) of the Federal Rules of Criminal Procedure. [Record Nos. 143, 144] McKinnon claims that she would not pose a danger to the community if released because she has no history of committing violent crimes and she is not likely to flee because she "does not have significant contacts and concerns outside the United States." [Record No. 143, p. 1] McKinnon also argues that she should be released temporarily to seek medical treatment for health complications she has experienced since being remanded to custody. [*Id.* at p. 2] Finally, McKinnon claims that her temporary

- 1 -

release would allow her to "earn an appreciable amount toward repayment of her contemplated restitution" that would benefit the victims of the conduct for which she was convicted. [*Id.*] McKinnon has also attached a letter to her motion from her former employer at Southern Environmental Services, LLC. In this letter, the company's founder states that he is "committed to ensuring that any restitution will be paid through funds earned by [McKinnon]" if she returns to work. [Record No. 143-1]

Defendant Vance advances similar arguments. First, he states that he has suffered severe medical complications since being remanded to custody, including "severe chest pains" and significant anxiety. [Record No. 144, p. 2] Vance also notes that he has not received adequate treatment for his hypertension and chronic obstructive pulmonary disease while incarcerated. And he argues that he does not pose a flight risk because "he was on pretrial release from the time of his indictment . . . until his trial . . . without missing a court appearance." [*Id.*] Vance also states that he lacks resources to support himself if he were to flee, making it unlikely that he would fail to appear at his sentencing hearing. [*Id.* at p. 3] Finally, he claims that he would not endanger society if released because he can no longer engage in the kind of fraudulent business activities that resulted in his conviction. [*Id.* at p. 3]

The United States opposes both motions. It argues that the defendants' extensive history of committing fraud suggests that their temporary release would pose an economic danger to the community. [Record Nos. 145, pp. 2-3, 146, pp. 2-4] Additionally, the government contends that the defendants would likely flee prior to their sentencing hearings because they face potentially lengthy sentences under the Sentencing Guidelines, and because they have the resources to evade their hearings in the form of their extensive contacts outside of Kentucky. [Record Nos. 145, pp. 3-4, 146, pp. 3-4] The government also notes that Vance

and McKinnon's histories of deceptive conduct (and regarding Vance, his previous violations of the conditions of his pretrial release) make it unlikely that they could be trusted to abide by any conditions of release imposed by the Court. [Record Nos. 145, p. 4, 146, pp. 4-5]

## I.

Title 18 of the United States Code, section 3143, governs the "[r]elease or detention of a defendant pending sentence."[1]   Section 3143(a)(1) provides that:

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).  If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

Under the statutory section, a defendant "who has been found guilty and is awaiting sentencing, must be detained unless the judicial officer finds by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community." *United States v. Williams*, No. 20-1413, 2020 WL 4000854, at *1 (6th Cir. July 15, 2020) (citation omitted); *see also United States v. Parrett*, 486 Fed. App'x 544, 548 (6th Cir. 2012).  In other words, Section 3143 "does not require the government to make an initial showing of dangerousness"  when a defendant has already been convicted of a crime. *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).  "Rather, it presumes dangerousness and the criminal defendant must overcome this presumption."  *Id.*   The defendant bears the burden of

---

[1]   The Court addressed detention under this statutory section following the jury's verdict. Therefore, the appropriate vehicle for release at this time would be 18 U.S.C. § 3145(c) which requires that the defendants establish exceptional reasons why detention would not be appropriate.

overcoming the presumption in favor of detention.  *See* Fed. R. Crim. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.").  Because the defendants have not met their burden under Section 3143 (and have not properly sought relief under Section 3145(c)), their motions will be denied.

## II.

### 1.  Danger to the Community

The defendants have not established by clear and convincing evidence that they would not pose a danger to society if released.  Defendant McKinnon argues that she is unlikely to endanger the community because she was convicted of financial crimes, so her temporary release would not raise "concerns about violence, drugs, firearms, and the like."  [Record No. 143, p. 1]  But as the government correctly notes, the fact that the defendants were convicted of financial crimes does not mean that they cannot pose a danger to the community under Section 3143.  *See United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992) (recognizing that a defendant convicted of financial crimes posed a danger to community, as "danger may, at least in some cases, encompass pecuniary or economic harm"); *cf. United States v. Tragas*, No. 09-20023-10, 2020 WL 5064383, at *7 (E.D. Mich. Aug. 27, 2020) (denying defendant's motion for compassionate release because "[w]hile defendant has no violent criminal history," his extensive fraudulent activity rendered him an economic danger to the community).  A jury convicted both Vance and McKinnon of six felonies for defrauding investors and falsifying financial information.  This conduct that is "nothing short of seriously destructive." *Tragas*, 2020 WL 5064383, at *7.  In short, the defendants cannot establish that they do not pose a danger to the community solely because they did not commit violent crimes.

Defendant Vance also claims that he does not pose a danger to the community because he can no longer engage in fraudulent business activities. He argues that because he lacks the "abilities to conduct business" and "the facilities [and] the resources" to commit wire fraud, he would not return to those activities if he was released. [Record No. 144, p. 3] But Vance's history suggests the just opposite. Vance was on probation for a previous fraud conviction when he engaged in the fraud conduct that led to his conviction in this case. [*See* Record No. 146, p. 4.] And although Vance was released pending trial, it was necessary for the undersigned to place him on home detention after finding that he violated his conditions of release when he repeatedly communicated with a victim of his crimes. [Record Nos. 85, 87] Vance's criminal history and previous violations of release weigh against granting his motion. *See United States v. Sykes*, 453 F. Supp. 3d 1011, 1017 (E.D. Mich. Apr. 13, 2020) ("Given his past criminal conduct . . . and apparent disregard for the terms of his probation, [the defendant's] history and characteristics weigh strongly in favor of detention.").

## 2. Flight Risk

Additionally, Vance and McKinnon have not sufficiently demonstrated that they would not flee if released prior to their sentencing hearings. Both defendants emphasize that they were on pretrial release from the time of their indictment until trial, arguing that their refusal to flee at that time suggests that they would be equally unlikely to do so now. [Record Nos. 143, p. 1, 144, pp. 2-3] But evidence of appropriate pretrial behavior is insufficient to overcome the presumption in favor of detention under Section 3143. Unlike the pretrial period, Vance and McKinnon now face lengthy sentences under the Sentencing Guidelines which provide them with a "significant incentive to flee." [Record No. 145, p. 3]; *see also United States v. Madoff*, 316 F. App'x 58, 59-60 (2d Cir. 2009) ("As to the incentive to flee (based on

[the defendant's] age and exposure to a lengthy imprisonment), we consider that such an incentive naturally bears upon and increases the risk of flight.").

The defendants' lack of connections to Kentucky also weighs against granting their motions. McKinnon states that she has contacts in both Kentucky and Georgia, but her bond report does not list any contacts in Kentucky. [Record No. 143, p. 1, 145, p. 4] To the extent she claims that her employment with Southern Environmental Services, LLC would prevent her from fleeing, that argument is also unavailing. The letter from her employer indicates that the company is located in Gulfport, Mississippi, providing McKinnon with yet another connection outside of the Commonwealth. [*See* Record No. 143-1.] Moreover, her employer indicates in his letter that McKinnon has previously been on "supervised release," suggesting that he is not aware of her current circumstances. [*Id.*]

Vance similarly claims that he would be unlikely to pose a flight risk because he has family in the Kentucky area. [*See* Record No. 144, p. 3 (noting that Vance would not pose a flight risk because he has "family that he would never abandon").] But as with McKinnon, Vance's bond report does not list any family ties in Kentucky. [*See* Record No. 146, p. 4.] The defendants' significant contacts outside of the state where their sentencing hearings will be held suggests that they could easily fail to appear. *See United States v. Mahoney-Smith*, No. 18-CR-135, 2018 WL 2248421, at *4 (D.D.C. May 16, 2018) (granting government's motion for pre-trial detention, in part, because "[t]here is no concrete evidence that [the defendant] has any significant contacts in the D.C. area"); *United States v. Romo-Sanchez*, 170 F. Supp. 2d 1127, 1129 (D. Kan. 2001) (denying defendant's motion for release pending sentencing in part because "she has no significant contacts in the charging district (Kansas)").

Both defendants also have raised the possibility that the Court could impose conditions to ensure that they appear at their sentencing hearings.  Under 18 U.S.C. § 3142, a judicial officer may impose conditions on a defendant during a period of release "to reasonably assure the appearance of the person as required," including by directing the defendant to "remain in the custody of a designated person," "maintain employment," and "abide by specified restrictions on personal associations, place of abode, or travel."  18 U.S.C. § 3142(b)-(c).  But the defendants have not articulated conditions that would reasonably assure their appearance at their sentencing hearings.

As explained previously, the defendants' history of fraudulent conduct, potentially lengthy sentences under the guidelines, and lack of connections in Kentucky suggest that they would be likely to flee their sentencing hearing, even if released with conditions.  And as the undersigned noted at the conclusion of Vance and McKinnon's trial, given the likelihood that they perjured themselves while testifying at trial, it is reasonable to assume that they would not comply with any conditions of release in good faith.  *See United States v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008) (rejecting defendant's request to be released pending sentencing hearing because of the "unacceptably high risk" that defendant would not comply in good faith with conditions of release); *see also United States v. Pacheco*, No. 3:21-CR-00022, 2021 WL 5979531, at *1 (E.D. Ky. Dec. 17, 2021) ("[C]ondition effectiveness inherently hinges on a defendant's predicted good faith compliance.").

### 3.  Exceptional Reasons

Finally, the defendants claim that their medical conditions warrant their temporary release.  [Record No. 143, p. 2, 144, p. 2]  Under 18 U.S.C. § 3145(c), a defendant who is eligible for release pending sentencing pursuant to Section 3143(a)(1) "may be ordered

released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  This Court has recognized that Section 3145(c) provides a "limited exception to the general requirement of mandatory detention" as provided by Section 3143(a).  *See United States v. Christman*, 712 F. Supp. 2d 651, 653 (E.D. Ky. 2010); *see also id.* at 654 ("Although exceptional reasons analysis requires a fact-intensive, case-by-case evaluation . . . the ordinary meaning of 'exceptional' suggests that only reasons that are 'out of the ordinary,' 'uncommon,' or 'rare' would qualify.") (citing *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008)). Additionally, "exceptional reasons must be 'clearly shown' to render a person's detention as inappropriate."  *Id.* (citing 18 U.S.C. § 3145(c)).

Here, the defendants' motions will not be granted based on exceptional reasons because both have failed to establish that they do not pose a flight risk or a danger to the community under Section 3143.  *See United States v. Slack*, No. 3:14-CR-62, 2015 WL 1248957, at *2 (W.D. Ky. Mar. 18, 2015) (noting that a court must first determine that Section 3143(a)(1) applies to a defendant "[b]efore determining whether any 'exceptional reasons' exist" warranting temporary release).  Even if McKinnon and Vance had demonstrated their eligibility for temporary release, they have not provided sufficient evidence of their medical conditions to demonstrate that exceptional reasons justify their release.  *See United States v. Duvall*, No. 5:20-CR-00022, 2020 WL 6587661, at *5 (W.D. Ky. Nov. 10, 2020) (denying defendant's motion for release pending sentencing because he "failed to make a non-speculative showing that detaining him through sentencing works a particular injustice").  Both defendants have provided nothing more than their own testimony in support of their claims that their poor health constitutes a reason to release them temporarily.  Without any further

record of their conditions, the defendants have not 'clearly shown' that they should be released

pursuant to Section 3145(c).  *See Christman*, 712 F. Supp. 2d at 653.

## III.

The defendants have failed to establish by clear and convincing evidence that they

would not endanger the community or flee their sentencing hearings if released under 18

U.S.C. § 3143.  Further, neither has established exceptional reasons for release under 18 U.S.C.

§ 3145(c).  Accordingly, it is hereby

**ORDERED** that Defendants Molly McKinnon and Douglas Vance's motions for

release pending sentencing [Record Nos. 143, 144] are **DENIED**.

Dated: January 5, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky