UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 20-063-DCR-1 |
| ) | |
| V. ) | |
| ) | |
| DOUGLAS WILLIAM VANCE, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Douglas Vance and Molly McKinnon were remanded to the custody of the U.S. Marshals after a jury convicted them of several counts related to their participation in a conspiracy to commit wire fraud. [Record Nos. 1, 133] Vance and McKinnon's sentencing hearings were previously scheduled for February 3, 2023. [Record No. 130] A consolidated evidentiary hearing in which the United States would present evidence and address the defendants' overlapping objections to their Presentence Investigation Reports was also scheduled for February 3, 2023. [Record No. 157]

Vance and McKinnon filed motions to be released from custody pending their sentencing hearings, which this Court denied on January 5, 2023. [Record No. 150] The previous motions were denied because the defendants failed to demonstrate that they would not endanger the community or pose a flight risk if released under 18 U.S.C. § 3143, or that exceptional reasons warranted their release under 18 U.S.C. § 3145(c). [*Id.*] On February 3, 2023, the consolidated evidentiary hearing and both sentencing hearings were continued

generally after McKinnon terminated her attorney and moved for a continuance. [Record No. 164]

Vance has now filed a renewed motion seeking to be released from custody pending his sentencing hearing pursuant to 18 U.S.C. § 3143 and Rule 46(c) of the Federal Rules of Criminal Procedure. [Record No. 168]  He argues that he should be temporarily released to receive proper treatment for his medical conditions, including hypertension, COPD, and an open sore. [*Id.* at pp. 2-3]  He alleges that his conditions will be "managed much better at a federal institution" than at the Clark County Jail, where he is currently being housed. [*Id.* at p. 2]  He urges the Court to consider his renewed request because he is not likely to be transferred to a federal institution for several months, given that his sentencing hearing was continued generally. [*Id.*]  Vance also claims that he will not endanger the community if released because he no longer has the necessary business connections to engage in wire fraud and that he does not pose a flight risk because he lacks resources to support himself if he were to flee. [*Id.* at pp. 3-4]

Vance cites 18 U.S.C. § 3143 in his renewed motion, which provides that a defendant who has been found guilty must be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community."  But as was previously mentioned, because the Court found that Vance's detention was proper under Section 3143 following the jury's verdict, the appropriate vehicle for release is now 18 U.S.C. § 3145(c).  Under Section 3145(c), a court may order the release of a defendant pending his sentencing hearing if "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

"Courts generally agree that the term 'exceptional reasons' is limited to those situations which are 'out of the ordinary,' 'uncommon,' or 'rare.'" *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (citing *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)); *see also United States v. Lippold*, 175 F.Supp.2d 537, 540 (S.D.N.Y. 2001) (noting that caring for family members with "unusual" health problems does not "rise to the level of 'exceptional reasons'") (citing 18 U.S.C. § 3145(c)). This Court previously noted that "the determination of whether 'exceptional reasons' exists is a fact-intensive inquiry that must be made on a case-by-case basis." *Miller*, 568 F.Supp.2d at 774 (quoting *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992)). Under the statute, the defendant bears the burden of "*clearly showing* that exceptional reasons justify release." *Id.* at 777 (emphasis in original); *see also United States v. Christman*, 712 F. Supp. 2d 651, 653 (E.D. Ky. 2010) (noting that "exceptional reasons must be 'clearly shown' to render a person's detention as inappropriate.").

Like with his previous motion, Vance has failed to meet his burden of clearly showing that his poor health justifies temporary release. The defendant has not provided anything more than his own statements in support of his claim that he has not been adequately treated while being housed at the Clark County Jail. Nor has he provided any medical records to demonstrate that he is experiencing severe symptoms from his listed conditions, or that those conditions will significantly worsen in the few months that his sentencing hearing will be postponed. His renewed motion will be denied because he has not made a non-speculative showing that his poor health warrants his temporary release. *See United States v. Duvall*, No. 5:20-CR-00022, 2020 WL 6587661, at *5 (W.D. Ky. Nov. 10, 2020) (denying defendant's motion for release

pending sentencing because he "failed to make a non-speculative showing that detaining him through sentencing works a particular injustice").

Additionally, the Court need not address Vance's arguments regarding his risk of flight and danger to the community, which the defendant copied verbatim from his previous motion for release and were addressed in the Order denying his previous motion. [*See* Record No. 144.] Accordingly, it is hereby

**ORDERED** that Defendant Douglas Vance's renewed motion for release pending sentencing [Record No. 168] is **DENIED**.

Dated: February 13, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky