UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 20-063-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DOUGLAS WILLIAM VANCE and | ) | **MEMORANDUM OPINION** |
| MOLLY IRENE MCKINNON, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

A jury convicted Defendants Douglas Vance and Molly McKinnon on October 13, 2022, of one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, five counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). [Record Nos. 1, 133] Thereafter, the Court sentenced Vance to 174 months' incarceration and McKinnon to 156 months' incarceration. The defendants have filed separate motions seeking release from custody pending the appeal of their convictions and sentences pursuant to 18 U.S.C § 3143. [Record Nos. 203 and 213]

Vance contends that his past appearances at court proceedings demonstrate that he would not pose a flight risk if released from custody. [Record No. 203] He also claims that he lacks the resources to flee and that it "would not be possible" for him to engage in fraudulent activities like those for which he was convicted because he "no longer has the abilities to conduct business, the facilities[,] or the resources." *Id.*

Similarly, McKinnon claims that she "has no money and no place to go except with her family." [Record No. 213] In addition to those considerations, she argues that ongoing health issues requiring treatment suggest that she would not pose a flight risk. *Id*. And McKinnon claims that her lack of criminal history and willingness to acceptance restrictions on her potential release demonstrate that she would not pose a danger to the community. *Id*.

The United States opposes both motions. [Record Nos. 211 and 216] It relies heavily on arguments that it made in opposition to the release of both defendants prior to sentencing. [Record Nos. 145, 211, 216] Additionally, the government contends that neither defendant raises a substantial question of law or fact likely to result in the reversal of their convictions or request for a new trial. [Record Nos. 211 and 216]

## I.

While the prescriptions of 18 U.S.C. § 3143(b) require detaining a defendant after being "found guilty of an offense and sentenced to a term of imprisonment," the statute also outlines the findings a trial court must make to release an individual pending appeal. It provides, in relevant part, that the defendant should remain in detention:

[U]nless the judicial officer finds—

A.  by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and

B.  that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment,
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The statute also creates a presumption against release pending an appeal of a criminal conviction. *See United States v. Vance*, 851 F.2d 166, 169-170 (6th Cir. 1988). To overcome this presumption, a defendant has the burden of demonstrating that statutory requirements are satisfied to justify release. *Id.*

## II.

### Flight Risk

Neither Vance nor McKinnon has sufficiently demonstrated that the risk of flight is a nonconcern if they are released from custody prior to the resolution of their appeals. Both defendants emphasize that they were on pretrial release from the time of their indictment until trial, arguing that their refusal to flee at the time suggests they would be equally unlikely to flee now. But evidence of pre-trial behavior is insufficient to overcome the presumption in favor of detention as they await appeal. *See, e.g., United States v. King*, No. 06–212, WL 1767622 at *4 (M.D. Fla. June 22, 2009) (finding that good behavior at previous stages and the mere passage of time do not satisfy the burden of showing that a convicted defendant qualifies for preliminary release).

Vance argues that he does not pose a flight risk at this stage because he did not abscond while on pre-trial release. But during this period, he violated the conditions of his release by communicating with a potential witness, resulting in modifications that required electronic monitoring and confinement to home detention. [Record No. 203] He now contends that even if he wanted to flee, he lacks the resources necessary to facilitate his nonappearance at future proceedings or to a designated facility for incarceration. Likewise, McKinnon argues that her lack of resources and appearances at past previous proceedings suggests an unlikely risk of

nonappearance while she proceeds with an appeal.  [Record No. 213] She further contends that her age and ongoing medical issues weigh in favor of release, emphasizing that a strong family support system awaits her in Georgia.  *Id*.

But as the government notes, here the past is prologue because circumstances remain largely unchanged since the pre-sentencing stage when this Court rejected both defendants' motions for release.  Neither defendant has proffered clear and convincing evidence showing that they pose any less of a flight risk pending appeal than they did at the pre-sentencing phase.  Both lack substantial connections to Kentucky, which suggests that they could easily avoid appearing at designated facilities to begin their terms of incarceration should their appeals fail.  And while connections to the area matter less at this stage of the proceedings, defendants convicted of serious crimes have clear motivation to disappear upon release from custody.  *See United States v. Stone*, 608 F.3d 930, 947 n.6 (6th. Cir. 2010).

Both defendants face lengthy prison sentences—providing even greater incentive to flee.  *See, e.g., United States v. Rankin*, 289 F. Supp. 3d 846, 849 (S.D. Ohio 2017) ("The length of a potential sentence bears on a defendant's risk of flight."); *United States v. Madoff*, 316 F. App'x. 58, 59-60 (2d Cir. 2009) ("As to the incentive to flee (based on [the defendant's] age and exposure to a lengthy imprisonment), we consider that such an incentive naturally bears upon and increases the risk of flight.").  Again, circumstances remain largely the same as those at the pre-sentencing stage and both Vance and McKinnon have failed to show that they would not pose a flight risk under a clear and convincing evidence standard applicable to their motions.

**Danger to the Community**

-4-

The primary danger in this case is the risk of continued fraudulent conduct causing economic harm to the community.  Here, the dangerousness inquiry "encompass[es] pecuniary or economic harm" that the defendant is capable of inflicting.  *United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992); *see also United States v. Madoff*, 316 at 59-60.  Both defendants have failed to establish that they would not pose a danger upon release.

Vance contends that he lacks the abilities, facilities, and resources necessary to commit additional instances of fraud, indicating that he poses no further threat of danger to the community.  [Record No. 203]  On the other hand, McKinnon contends that her lack of criminal history, in combination with proposed probationary "restrictions on the type of employment she could seek, restricted access to the internet, restrictions on her ability to conduct financial transactions, electronic monitoring, and home detention" would eliminate any danger she might pose.  [Record No. 213]

Although the defendants present different arguments, neither has provided sufficient evidence necessary to carry their respective burdens. Vance claims he would not be able to conduct business or engage in activities that could pose a danger to the community on release, but history suggests the opposite.  [Record Nos. 146 and 211]  In fact, Vance stands convicted of committing the crimes for which he is awaiting appeal while he was on probation for a previous fraud conviction.  *Id*.; *see United States v. Sykes*, 453 F. Supp. 3d 1011, 1017 (E.D. Mich. Apr. 13, 2020) ("Given his past criminal conduct . . . and apparent disregard for the terms of his probation, [the defendant's] history and characteristics weigh strongly in favor of detention.").  Vance's criminal history decidedly weighs against him, and he fails to provide convincing evidence that he does not constitute such a continued danger.

McKinnon contends that probationary supervision and a variety of restrictions could mitigate any danger she poses. Like with Vance, however, the Court cannot ignore the potential that she reengages in the same type of extensive fraudulent activity for which she was convicted, which would cause additional harm the public. *See, e.g., United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992) (recognizing that a defendant convicted of financial crimes posed a danger to the community, as "danger may, at least in some cases, encompass pecuniary or economic harm"); *United States v. Tragas*, No. 09-20023-10, 2020 WL 5064383, at *7 (E.D. Mich. Aug. 27, 2020) ("While defendant has no violent criminal history," his extensive fraudulent activity rendered him an economic danger to the community).

In summary, neither defendant have demonstrated that they are "really, really unlikely to flee or pose a danger" if released from federal custody. *See United States v. Christman*, 712 F. Supp. 2d 651, 657 (E.D. Ky. 2010). As a result, both fail to carry the statutory burden under this prong necessary to justify release pending appeal. 18 U.S.C. § 3143(b)(1)(A).

### III.

### *Purpose of Appeal*

Although both Vance and McKinnon claim their appeals are likely to result in reversal or a new trial, the Court does not find that either raises a "substantial question" likely to overturn their convictions or result in a new trial. 18 U.S.C. § 3143(b)(1)(B). Within the Sixth Circuit, a substantial question is raised "when the appeal presents a close question or one that could go either way and . . . the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the

defendant's favor." *United States v. Pollard*, 778 F.2d 1177, 1181-82 (6th Cir. 1985) (citations omitted).

Vance has not raised a substantial issue likely to result in reversal or a new trial. *See* § 3143(b)(1)(B). In fact, the only concrete issue he raises is the exclusion of McKinnon's letter at trial, yet he fails to explain how the Court erred by refusing to admit it as evidence at the time it was offered. [Record No. 203] Likewise, McKinnon's raises only a single issue, contending that the Court erred by not recognizing multiple elements of an affirmative defense. In any event, as the government correctly notes, "[t]his is not a substantial issue likely to result in reversal or a new trial.". *See United States v. Powell*, 761 F.2d 1227, 1234 (8th Cir. 1985) (*en banc*) ("It is not sufficient to show simply that reasonable judges could differ . . . or that the issue is fairly debatable[.]"). The codefendants' motions suffer the same fate as both fail to overcome the presumption against release under this prong of the statute.

## IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.   Defendant Vance's motion for release pending appeal [Record No. 203] is **DENIED**.

2.   Defendant's McKinnon's motion for release pending appeal [Record No. 213] is **DENIED**.

Dated: September 22, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky