UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 20-063-DCR-1 |
| | ) | |
| V. | ) | |
| | ) | |
| DOUGLAS WILLIAM VANCE, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Defendant Douglas Vance, a federal prisoner proceeding *pro se*, has filed a motion requesting an order disqualifying and recusing the undersigned from "any further participation in this matter," including from considering any future motion for a sentence reduction or a motion for compassionate release. [Record No. 271] Vance contends that the undersigned should recuse because of personal bias and because the Court's impartiality might reasonably be questioned. [*Id.*]

**I.**

Recusal is governed by two statutes that are construed together: 28 U.S.C. §§ 144 and 455. *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355 (6th Cir. 1988). "Generally, a party moving to recuse a judge relies upon [Section] 144. However, a judge has an independent duty to recuse under [Section] 455 when the facts warrant recusal." *United States v. Boucher*, 2009 WL 279315, at *2 (E.D. Ky. Feb. 5, 2009). The former statute states that,

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party,

> such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. In relevant part, section 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. . . . He shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"; or where he is, "to the judge's knowledge[,] likely to be a material witness in the proceeding." 28 U.S.C. § 455(a)-(b)(1) and (b)(5)(iv).

Under both statutes, "recusal is required 'if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Melchor*, No. 16-1160, 2016 WL 9447162, at *2 (6th Cir. Sept. 23, 2016) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)). Although the standard considers all relevant facts and circumstances, recusal is not warranted based on "the subjective view of a party[,] no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quotation omitted).

Moreover, even if a bias is proven, it may not require recusal. "A bias sufficient to justify recusal must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983) (quotation omitted). In other words, as used in Sections 144 and 455, "bias or prejudice" refers only to *improper* biases and prejudices that generally stem from *extrajudicial* sources. *See Liteky v. United States*, 510 U.S. 540, 551 (1994) ("[O]pinions held by judges as a result of what they learned in earlier proceedings" are not improper biases.).

In *Liteky*, Supreme Court explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

510 U.S. at 555 (internal citations omitted).

The Sixth Circuit has adopted the *Liteky* standard in judicial disqualification cases and has cautioned "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley*, 853 F.2d at 1356 (alteration in original) (citation omitted). In short, unnecessary recusals waste judicial resources. *City of Cleveland v. Krupansky*, 619 F.2d 576 (6th Cir. 1980). Likewise, granting groundless disqualification motions also encourages judge-shopping.

**II.**

In support of his motion, Vance relies on a series of statements and rulings made by the Court during trial, presentencing proceedings, sentencing, and a post-judgment matter. [Record No. 271] He points to the Court's evidentiary ruling made on the sixth day of trial which excluded a co-defendant's letter as it was inadmissible hearsay and was not offered during Vance's case-in-chief. [*Id.* at 3, 5; *see* Record No. 179 at 16–20] Vance cites a statement the undersigned made when explaining its decision to sustain the United States' motion to revoke Vance's release conditions, including comments regarding the defendants' willingness to commit perjury and the resulting danger they posed to the public. [*Id.* at 3; *see*

Record No. 180 at 7–8] He also relied on statements made by the prosecution during sentencing regarding letters submitted by his family. [*Id*; *see* Record No.220 at 20] Vance also references the evidentiary hearing held prior to sentencing and the Court's overruling of his objections to the Presentence Report. [*Id*. at 3–4; *see* Record Nos. 219, 194] He also takes issue with being required to wear a visible ankle monitor which he claims was visible to the jury. [*Id.* at 5] Finally, Vance challenges the Court's March 7, 2024, Notice and Order advising the parties that the Court did not intend to take unilateral action to reduce his sentence under Amendment 821 to the Sentencing Guidelines, as well as the subsequent Memorandum Opinion and Order concluding that the Notice was not a final, appealable decision and that Vance lacked a non-frivolous basis for appeal of that Notice. [*Id*; *See* Record Nos. 249, 257.]

Vance's arguments fail to support recusal based on any reasonable question regarding the Court's impartiality or any showing of personal bias by the undersigned. To begin, no matter is currently pending before this Court. Vance instead seeks recusal in anticipation of potential future motions for a sentence reduction or compassionate release. Nonetheless, he has not demonstrated that the undersigned harbors any personal bias or prejudice against him, nor has he identified any basis on which the Court's impartiality might reasonably be questioned. Rather, Vance relies almost solely on prior rulings with which he disagrees and asserts—without support—that those rulings reflect a "deep-seated favoritism requiring reassignment to a neutral judge." [Record No. 271 at 6]

For example, Vance argues that the undersigned's characterization of his "technical arguments" as "bogus" undermines the confidence in a fair evaluation of future motions. [*Id.* at 3] This refers to the Court's granting of the United States' motion to revoke both the defendants' release conditions. In making that decision, the Court articulated that the

defendants posed a danger to others based on their extensive fraud, conspiratorial conduct, and willingness to perjure themselves by offering "very bogus excuses" for their actions. [Record No. 180]

As discussed above, judicial rulings alone almost never constitute a valid basis for a motion alleging bias or partiality. *Liteky*, 510 U.S. at 555. Accordingly, Vance's reliance on the undersigned's rulings in his case does not establish reliance on improper biases and prejudices stemming from an extrajudicial source. *See id*. Moreover, opinions formed during prior proceedings do not demonstrate bias unless they reflect a deep-seated favoritism or antagonism that would render far judgment impossible. *Id.* Vance identifies no such favoritism or antagonism and points to no extrajudicial source of alleged bias.

Accordingly, it is hereby

**ORDERED** that Defendant Douglas Vance's motion for recusal [Record No. 271] is **DENIED**.

Dated: January 30, 2026.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky